# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Patrick Duncan, | : | Case No.  1:07CV0839 |
| | : | |
| Petitioner | : | Judge Dan Aaron Polster |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| David Bobby, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his September 30, 2005 conviction pursuant to a jury trial of one count of felony murder, upon which  he is serving a sentence of fifteen years to life imprisonment; one count of reckless homicide,[1] upon which he is serving a sentence of five years incarceration; and two counts of aggravated burglary, upon which he was sentenced to five years incarceration on each count; all of which were to run concurrently.  Each of the counts against him having also included firearm specifications, petitioner was sentenced to an additional three years on the specifications, for an aggregate sentence of eighteen years to life imprisonment.

On October 31, 2005 petitioner, acting through new counsel, appealed his convictions to

---

[1]This was a lesser offense to aggravated murder with which he was originally charged.

1

the Ohio Eighth District Court of Appeals, alleging three assignments of error:

    I.    The trial court erred by its failure to give jury instructions as to lesser included offenses.

    II.    A police officer's testimony informing the jury of the substance of the statements that a non-testifying decedent related to him about the defendant's activities is violative of the defendant's state and federal right to confrontation.

    III.    The trial court erred when it failed to dismiss count two of the indictment as it was facially and substantively deficient.

Petitioner, through counsel, supplemented his assignments of error to include the following two claims:

    IV.    The trial court erred when it failed to merge the reckless homicide and felony murder convictions prior to sentencing.

    V.    The appellant was denied effective assistance of counsel when counsel failed to request that the trial court merge the two convictions of reckless homicide and murder where only one death occurred.

On September 28, 2006 the appellate court affirmed the convictions and sentences imposed by the trial court.

    The facts surrounding petitioner's conviction were summarized by the state appellate court as follows:

    On April 27, 2005, appellant and co-defendant David Johnson (Johnson) robbed Jeffrey Isaacs at gunpoint on Terrance Road in East Cleveland, taking Isaacs' paycheck and wallet. Appellant and Johnson then recruited Frederick Futrell (Futrell) to cash the $830.11 paycheck in exchange for $100. Futrell cashed the check and as appellant drove the three men away from the scene, Futrell said he wanted to keep more than the agreed upon $100. An argument ensued, and appellant pulled the car over on a side street and pulled out a .38 caliber pistol. According to appellant, he only intended to scare Futrell; however, during the course of the argument, he and Futrell struggled for control of the firearm and the

2

> gun accidentally went off.  Appellant and Johnson took the cash from Futrell and left the scene.  Futrell died later that evening from a gunshot wound to the chest.

On November 3, 2006 petitioner appealed the state appellate court ruling to the Ohio Supreme Court alleging the following three propositions of law:

> **Proposition of Law No. I:** A criminal defendant is denied his right to a fair trial under the United States Constitution, 14th Amendment, when the trial judge refuses to instruct the jury in the defense of accident where there is evidence in the record to support this defense.

> **Proposition of Law No. II:** A defendant is deprived of his Sixth and Fourteenth Amendment right to confrontation and cross-examination when a police officer testifies to the statement of a non-testifying decedent regarding a defendant's activities.

> **Proposition of Law No. III:** An indictment that fails to set forth all the essential elements of the charge constitutes a constitutionally defective indictment which deprives the trial court of jurisdiction to conduct a trial on the alleged charge set forth therein.

On January 24, 2007 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On February 26, 2007 the petitioner filed the instant petition in which he raises the following three claims for relief:

> **A.   GROUND ONE:**  Petitioner was denied his right to a fair trial under the United States Constitution, 14th Amendment, when the trial judge refused to instruct the jury in the defense of accident where there was evidence in the record to support this defense.

> **B.   GROUND TWO:** Petitioner was deprived of his Sixth and Fourteenth Amendment right to confrontation and cross-examination when a police officer testified to the statement of a non-testifying decedent regarding a Petitioner's activities.

**C.  GROUND THREE:** The indictment that failed to set forth all the essential elements of the charge constitutes a constitutionally defective indictment which deprives the trial court of jurisdiction to conduct a trial on the alleged charge set forth therein.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).

In light of the concession by respondent that there are no issues of untimeliness, failure of exhaustion, or procedural bar in this case, this Court will turn its attention to merits review.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially

4

indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;"  "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply."  120 S.Ct. at 1519-1520.   In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir.  2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

In his first claim for relief petitioner challenges the instructions of law given by the trial court to the jury.  Specifically, he argues that the trial court should have instructed the jury on the lesser included offense of involuntary manslaughter as it related to the felony murder charge in the second count of the indictment, his theory being that the murder was accidental and committed during the commission of a misdemeanor, as opposed to a felony.  Although the defense requested the instruction, the trial court refused.

In reviewing petitioner's first assignment of error on direct appeal, which directly parallels

5

this claim for relief, the state appellate court held as follows:

> A criminal defendant is entitled to a jury instruction on a lesser included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas* (1988), 40 Ohio St.3d 213, 216. Involuntary manslaughter under R.C. 2903.04 is a lesser included offense of felony murder under R.C. 2903.02(B). *State v. Lynch*, 98 Ohio St.3d 514, 526, 2003-Ohio-397. Felony murder occurs when an offender causes "the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree***." R.C. 2903.02(B). Involuntary manslaughter, on the other hand, results from "the offender's committing or attempting to commit a felony*** [or] a misdemeanor***." R.C. 2903.04(A), (B). In other words, for an involuntary manslaughter charge to be appropriate in the instant case, there must have been reasonable evidence presented that the underlying crime was a misdemeanor. Appellant does not argue that the underlying crime in the instant case was a felony other than an offense of violence.
>
> At trial, the state argued that the underlying crime was aggravated robbery in violation of R.C. 2911.01(A)(1), which states that "[n]o person, in attempting or committing a theft offense, *** shall *** [h]ave a deadly weapon ***." Aggravated robbery is an offense of violence and a first-degree felony. However, appellant argued that a jury could reasonably believe his actions constituted aggravated menacing or unlawful discharge of a firearm. Pursuant to R.C. 2903.21, the elements of aggravated menacing are "knowingly cause another to believe that the offender will cause serious physical harm to the person ***." Pursuant to City of East Cleveland Ordinance 549.08(A), "[n]o person shall discharge any air gun, rifle, shotgun, revolver, pistol or other firearm within the corporate limits of the municipality." Both aggravated menacing and unlawful discharge of a firearm are misdemeanors.
>
> In the present case, the state presented the following evidence: a police officer testified that Futrell stated he had been shot and robbed; no cash was found on Futrell when the police arrived at the scene; Futrell died as a result of internal bleeding caused by a gunshot wound; a trace evidence expert from the coroner's office testified that test results were consistent with Futrell's hand not touching appellant's gun and a muzzle-to-target distance of at least

6

four feet.

Appellant's version of the events was based on his written confession to the East Cleveland police given May 6, 2005, in which he stated the following:

> "At that point we knew he did not give us all the money and we began arguing about the rest of the money. [Futrell] was saying that we cannot take all the money and we had told him what we were going to give him. *** We were still arguing with [Futrell] over the money, but he did not want to give the rest of it to us. [Johnson] kept asking for the money and so was I, I reached in the back of the car with my gun a .38 caliber special chrome automatic pistol.  I was trying to scare him, [Futrell] started fighting with me over the gun and it went off.  I was in shock and thought I was shot, I did not see where the bullet went and I do not know if any body was shot."

Appellant additionally claims to have ended up with $400 of the approximately $800 that Futrell received after cashing the stolen paycheck.

No matter which version of events a jury chose to believe, it is apparent from the record that appellant had a deadly weapon while he was committing or attempting to commit a theft offense.  This set of facts falls squarely under the offense of aggravated robbery, which is a first-degree felony and an offense of violence.  Therefore, the resulting death cannot be an "accident" amounting to involuntary manslaughter, and the court did not err in refusing to instruct the jury as such.  See, *State v.  Miller,* 96 Ohio St.3d 384, 390, 2002-Ohio-4931 (holding that the mens rea required for felony murder is that the defendant knowingly committed the underlying felony and if the victim dies as a result of that felony, it makes an offender "guilty of felony murder, regardless of his purpose").

Accordingly, appellant's first assignment of error is overruled.

This Court must determine whether the foregoing determination by the state court was

contrary to or involved an unreasonable application of federal law.  Where, as here, the issue is a

trial court's refusal to instruct the jury on a particular issue, the petitioner must demonstrate that

the failure to instruct "had a substantial and injurious effect or influence in determining the jury's verdict and resulted in actual prejudice."  Barker v. Yukins,199 F.3d 867, 872 (6th Cir. 1999) ((citing Nevers v. Killinger, 169 F.3d 352, 362 (6th Cir. 1999), cert. denied, 119 S.Ct. 2340 (1999)(quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).  If petitioner can make such a showing then he "will have satisfied the 'unreasonable application' standard required by § 2254 of AEDPA and would be entitled to habeas relief."

It is the opinion of this Court that petitioner has failed to provide evidence that the failure to instruct had substantial and injurious effect or influence in determining the jury's verdict and resulted in actual prejudice, particularly in light of the fact that under any version of the facts petitioner used a deadly weapon to commit or attempt to commit a theft offense which precluded an instruction on involuntary manslaughter.  That being so, petitioner's first claim for relief is without merit.

In his second claim for relief petitioner argues that he was denied his right to confront and cross-examine witnesses against him when a police officer testified about the statement of the dying victim which provided evidence against petitioner.  The victim, who died shortly after being shot by petitioner, was obviously unavailable to testify at petitioner's trial.

The Sixth Amendment to the United States Constitution guarantees to a criminal defendant the right to be confronted with the witnesses against him or her in order to cross-examine them. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986).  Cross-examination into a witness' motivation in testifying and an opportunity to test credibility and bias is of particular importance to fulfillment of this constitutional right.  Davis v. Alaska, 415 U.S. 308, 316 (1974).  When the prosecution seeks to offer into evidence the statements of an unavailable witness against a criminal defendant,

8

courts must determine whether the Confrontation Clause is violated by such testimony without forcing the declarant "to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth.'" California v. Green, 399 U.S. 149, 158 (1970).

While it is true that the United States Supreme Court, in Crawford v. Washington, 541 U.S. 36 (2004), determined that the Confrontation Clause prohibits the admission of hearsay testimony unless the witness is unavailable and the accused has had an opportunity to cross-examine the declarant, that ruling applied only to testimonial hearsay statements, and does not apply to non-testimonial hearsay statements.  541 U.S. at 68.  The prosecution is permitted to introduce into evidence a non-testimonial hearsay statement of an unavailable declarant provided that the statement bears "adequate indicia of reliability," which may be inferred if the statement falls "within a firmly rooted hearsay exception."  Ohio v. Roberts, 448 U.S. 56, 66 (1980).

If a showing of a constitutional violation has been demonstrated, a court on habeas corpus review of the state conviction must also determine whether the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).  Factors to be considered include: "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, . . . and, of course, the overall strength of the prosecution's case." Van Arsdall, 475 U.S. at 684.  This standard is more onerous than the Chapman v. California, 386 U.S. 18 (1967) harmless error standard which is applied by state courts on direct appeal, and is in keeping with the habeas corpus philosophy that the role of the federal courts in review of state court criminal convictions is to uphold "fundamental fairness" rather than relitigate state court

proceedings.  Brecht, 507 U.S. at 622.

When reviewed in the context of a petition for writ of habeas corpus a federal court must

determine whether the ruling of the state appellate court on this issue was contrary to, or involved

an unreasonable application of, clearly established law on this issue.

The state appellate court rejected petitioner's claim of violation of his Confrontation Clause

rights, holding in pertinent part:

> In his second assignment of error, appellant argues that "a police officer's testimony informing the jury of the substance of the statements that a non-testifying decedent related to him about the defendant's activities is violative of the defendant's state and federal right to confrontation."  Specifically, appellant argues that statements Futrell [the victim] made to a police officer indicating that he was robbed before being shot are inadmissible hearsay as contemplated by *Crawford v. Washington* (2004), 541 U.S. 36.
>
> The Sixth Amendment's Confrontation Clause affords criminal defendants "the right *** to be confronted with the witnesses against him."  This right applies to both state and federal proceedings.  *Pointer v. Texas* (1965), 380 U.S. 400, 406.
>
> The United States Supreme Court recently revised this area of law in *Crawford*, supra.  The first determination to be made regarding whether an out-of-court statement violates a criminal defendant's Sixth amendment right to confrontation is whether the statement is testimonial in nature.  *Crawford*, 541 U.S. at 53.  Traditionally, testimonial statements included, inter alia, statements given under oath in a formal proceeding.  The *Crawford* court expanded this category to include statements made while under interrogation by law enforcement officers. Id. "Testimonial statements of witnesses absent from trial have been admitted only were the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Id. at 59.  See, also, *State v. Allen*, Cuyahoga App.  No.  82556, 2004-Ohio-3111.  On the other hand, nontestimonial statements are still governed by the applicable evidence rules on hearsay.  See, *Ohio v. Roberts* (1980), 448 U.S. 56, 66 (holding that in general, nontestimonial out-of-court statements by unavailable witnesses may be admitted if they have adequate "indicia of reliability").

10

Appellant's argument is as follows: Futrell spoke with the knowledge that his statements would be used in a court proceeding and the statements were made while under police interrogation; therefore, the statements are testimonial in nature. Furthermore, Futrell was unavailable to testify and there was no opportunity for cross-examination. As a result, bringing Futrell's statement into court via the police officer's testimony violates the Confrontation Clause.

The state, on the other hand, argues that *Crawford* does not apply to the instant case because the victim's statements were not testimonial in nature, in that they were his final words before dying, and were made under stress rather than a concern for future prosecution. The state argues that Futrell's statements fall under the long-standing excited utterance and dying declaration exceptions to the evidentiary rule against hearsay, and are not disturbed by *Crawford*.

Evid.R. 804(B)(2) defines dying declaration, or a statement under belief of impending death, as "a statement made by a declarant, while believing that his or her death was imminent, concerning the cause or circumstances of what the declarant believed to be his or her impending death."

* * * * *

Whether a dying declaration can co-exist with the principles outlined in *Crawford* is a case of first impression in this court. For guidance, we turn to the United States Sixth Circuit Court of Appeals' decision in *U.S. v. Cromer* (C.A. 6, 2004), 389 F.3d 662, which defined testimonial evidence in light of *Crawford*. A statement is testimonial in nature if "the declarant intends to bear testimony against the accused. That intent, in turn, may be determined by querying whether a reasonable person in the declarant's position would anticipate his statements being used against the accused in investigating and prosecuting the crime." Id. at 675.

We note that the *Crawford* court stated in dictum that "we need not decide in this case whether the Sixth Amendment incorporates an exception for testimonial dying declarations. If this exception must be accepted on historical grounds, it is *sui generis*." *Crawford*, 541 U.S. at 56, fn. 6. See, also, *State v. Nix*, Hamilton App. No. 030696, 2004-Ohio-5502 (holding that a dying declaration is not

11

> testimonial hearsay and its admission does not create an error under *Crawford*).
>
> We agree with the reasoning in *Nix* and hold that a dying declaration does not implicate *Crawford* and remains an exception to the rule against hearsay....
>
> Furthermore, we hold that in the instant case, Futrell made the statements in question while believing his death was imminent, and the nature of the statements concerns the circumstances of his death. Although the statements were made to a police officer, the facts of this case do not lead us to believe that the colloquy was an interrogation, nor do we believe that Futrell made the statements in anticipation of a criminal prosecution.
>
> Given this, allowing the officer's testimony regarding Futrell's dying declaration did not violate appellant's right to confrontation as sculpted by *Crawford*.  We offer no opinion on the state's argument concerning the relationship between excited utterances and *Crawford*.  Appellant's second assignment of error is overruled.

Applying the authorities cited above, the state court's admission of the statements of Mr. Futrell made as he lay dying, were not contrary to, nor did they constitute an unreasonable application of, clearly established federal law concerning a criminal defendant's Sixth Amendment right to confront the witnesses against him, particularly in light of the fact that the statements were non-testimonial dying declarations and, therefore, were inherently reliable.  That being so, petitioner's second claim for relief must fail.

In his final claim for relief petitioner contends that flaws in the indictment upon which he was convicted warrant relief in federal habeas corpus.  This claim for relief must fail for each of several reasons.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution.  Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994).  A violation of state law is not cognizable in federal habeas corpus

12

unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.  See, Floyd v.  Alexander, 148 F.3d 615, 619 (6th Cir.), cert. denied, 525 U.S. 1025 (1998);  Serra v.  Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.  1993), cert. denied, 510 U.S. 1201 (1994).  It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Accord, Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

In addition, it is well-established that there is no federal constitutional right to be charged in an indictment.  Hurtado v. California, 110 U.S. 516, 537-38 (1884); Branzburg v. Hayes, 408 U.S. 665 (1972); Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984); Watson v. Jago, 558 F.2d 330, 337 (6th Cir. 1977).   "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense."  Koontz, supra at 369, citing In Re Ruffalo, 390 U.S.544 (1968); Blake v. Morford, 563 F.2d 248 (6th Cir. 1977); and Watson v. Jago, supra at 338.  Such fair notice is given when the offense charged is described with "precision and certainty so as to apprise the accused of the crime with which he stands charged." Ibid.

That having been said, claims of error in an indictment are state law claims not cognizable in habeas corpus, unless it can be shown that the defendant was denied fair notice of the charges against him or her so as to adequately prepare a defense.

The state appellate court held that the indictment did not violate petitioner's constitutional rights, stating in pertinent part:

In his third assignment of error, appellant argues that "the trial court erred when it failed to dismiss count two of the indictment as it was facially and substantively deficient." Specifically, appellant argues that the state failed to identify in the indictment the offense of violence that served as the underlying crime for the felony murder charge.

We have repeatedly held that in an indictment for felony murder or involuntary manslaughter, both of which predicate themselves on an underlying offense, specification of the underlying felony or misdemeanor is not required. See, *State v. Jones*, Cuyahoga App. No. 86048, 2006-Ohio-20. See, also, R.C. 2941.14(A), which states that in "an indictment for aggravated murder, murder, or voluntary or involuntary manslaughter, the manner in which, or the means by which the death was caused need not be set forth."

Appellant's third assignment of error is overruled.

There being no indication that petitioner was denied fair notice of the charges against him so as to adequately prepare a defense, these allegations of violation of state law fail to rise to the level of a denial of fundamental fairness and, therefore, are not cognizable in federal habeas corpus. However, even if they were to be considered, this Court would not find that the decision of the state appellate court on the foregoing matters of state law was either objectively unreasonable or that it involved an unreasonable application of federal law. Consequently, petitioner's third claim for relief must fail.

As a consequence of the foregoing, it is recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   November 30, 2007

14

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

15